[Hallmark v. The State.]

# Hallmark *v.* The State.

*Selling or Giving Away Liquor.*

(Decided Feb. 3, 1909.  48 South. 670.)

*Intoxicating Liquors; Evidence; Jury Question.*—Under the evidence in this case it was a question for the determination of the jury as to whether the defendant was guilty of violating the local prohibition law, and the court improperly directed the verdict.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

From a conviction for giving away intoxicating liquor, George Hallmark appeals.  Reversed and remanded.

JAMES A. EMBRY, for appellant.  Under the undisputed evidence in this case the defendant was not guilty as charged.—*Campbell v. The State,* 69 Ala. 271; *Morgan v. The State,* 71 Ala. 72.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The effect of the defendant's conduct was to violate the law as found in Acts 1894-5, p. 242.—*Reynolds v. The State,* 73 Ala. 3; *Abel v. The State,* 90 Ala. 631; *Coker v. The State,* 91 Ala. 92.

MAYFIELD, J.—The defendant was indicted for giving away or otherwise disposing of spirtuous, vinous, or malt liquor.  The indictment is based on section 3 of a local prohibition act for St. Clair county (Acts 1894-95, p. 242), which inhibits the sale, giving away, or otherwise disposing of spirituous and other liquors named.  Section 2 of the act prohibits the purchase of li-

quors for one's self, or as agent for aonther, or orderiing the same, except in certain cases; but it is unnecessary to notice this section, as the indictment did not charge an offense thereunder, and the general affirmative charge given for the state shows the trial and prosecution were under the third section of the act. The charge directs that the jury, if they find the defendant guilty will impose a fine of not less than $50 nor more than $500, which is the penalty provided for violations of the third section of the act; while for violations of the second section a different penalty is imposed.

The only evidence of the state was that of one Ramsey, who testified that on one occasion he went into a packing house at Steele, in St. Clair county, and there found defendant, sitting on some sacks of grain; that defendant said to him, "If you want anything there is some over there," and pointed to a bottle, which was on some sacks of grain a few feet away from defendant; that witness took a drink out of the bottle; that the bottle contained whisky; that he took only the one drink, and went out, leaving the defendant and the bottle in the packing house, exactly as he found them. The venue and time were properly proven. The state then introduced in evidence the local act for that county (Acts 1894-95, p. 242), prohibiting the sale, gift, or otherwise disposing of spirituous liquors, etc., in that county, and rested. The defendant then moved the court to exclude the state's evidence, because it was not sufficient to support a conviction. The court overruled this motion, and the defendant excepted. The defendant then testified, in his own behalf, that the testimony of the witness Ramsey was all true; that the whisky did not belong to witness; that it belonged to one Porter Casey; that he had taken a drink out of it, when he first went into the packing house; that he left the bottle of whisky in the packing

house when he went out, and did not know what became of the bottle or the whisky remaining in it when he left it there in the house where he found it. The defendant then rested. This was all the evidence. The court, at the request of the solicitor, gave to the jury the general affirmative charge, with usual hypothesis, against the defendant, and directed the assessment of a fine, in an amount within the maximum and mimimum amounts fixed by the statute.

There was no error in the court's declining to exclude the state's evidence. The jury might have inferred a gift, in violation of the statute, from this evidence; but it was clearly reversible error to give the general affirmative charge against the defendant. If he was guilty, it rested in inference from the facts proven by the state; and the defendant's evidence, if true, certainly tended to rebut the inference of guilt. We do not decide, because not necessary, that the evidence would not support a conviction by the jury, under proper instructions, yet it was certainly meager enough at best for the state for this purpose. It is wholly insufficient to support the general affirmative charge for the state. There was much more reason to support this charge in behalf of the defendant than for the state, though we do not decide that it would have been proper in behalf of the defendant. The jury might have believed that this evidence was only a part of the whole truth, and they might have been justified in inferring the other, from that before them. They might have thought that it was a mere ruse, an artifice, chicane, or finesse, on the part of these two witnesses, and, if so, a conviction might have been justified; but this is the exclusive province of the jury, and not of the court. Suppose A. and B. find C's bottle of whisky, and both take a drink out of it; is it possible that the one who found it first, and pointed it out to the

other and suggested their taking a drink, is guilty of selling giving away, or otherwise disposing of liquor, in violation of that statute? We think not.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.